# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: A.D. and T.D.

No. 16-1054 (Wood County 15-JA-172 & 15-JA-173)

## MEMORANDUM DECISION

Petitioner Father C.D., by counsel Eric K. Powell, appeals the Circuit Court of Wood County's September 23, 2016, order terminating his parental rights to six-year-old A.D. and four-year-old T.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jessica E. Myers, filed a response on behalf of the children also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion to continue the dispositional hearing and his motion for post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2015, the DHHR filed a petition for abuse and neglect against petitioner alleging that he abused prescription drugs, left drug paraphernalia in the reach of his children, and was under the influence of drugs while being the primary caretaker for his children. The following month, petitioner stipulated to the conditions of abuse and neglect as alleged in the petition. Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period. The terms and conditions of petitioner's improvement period required him to undergo substance abuse and psychological evaluations, to participate in parenting and adult life skills classes, and to submit to random drug screens. The circuit court also granted petitioner visitation with his children.

Subsequently, the circuit court held several hearings to review petitioner's compliance with the terms and conditions of his improvement period. While the DHHR presented evidence that petitioner visited with his children, the evidence established that he failed to comply with

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

other terms of his improvement period. Specifically, the DHHR presented evidence that petitioner failed to undergo a psychological and substance abuse evaluation, failed to submit to drug screens, and was inconsistent in participating with parenting and adult life skills classes. Furthermore, petitioner admitted to smoking marijuana. Despite this evidence, the circuit court continued petitioner's improvement period.

In July of 2016, the circuit court held a hearing on the DHHR's motion to terminate petitioner's improvement period during which the DHHR presented evidence that petitioner continued to abuse drugs and did not participate in therapy or parenting and adult life skills classes. The DHHR also presented evidence that petitioner's visitations with his children were "not happy, bonding, or even healthy for the children," that petitioner engaged in "argumentative" behavior with the children, and that petitioner failed to incorporate appropriate parenting techniques. For these reasons, the circuit court terminated petitioner's post-adjudicatory improvement period by order entered August 11, 2016.

In September of 2016, the circuit court held a dispositional hearing during which the DHHR presented evidence that petitioner could not correct the conditions of abuse and neglect because he failed to comply with the terms and conditions of his improvement period.[2] The DHHR presented evidence that they had not had contact with petitioner since July 11, 2016, and that he failed to attend an outpatient drug rehabilitation program and parenting and adult life skills classes. The circuit court was also presented with evidence that petitioner failed eleven drug screens and had admitted to smoking marijuana. Finally, the DHHR presented evidence that services providers discharged petitioner from therapy services due to his noncompliance. Accordingly, the circuit court terminated petitioner's parental rights to his children by order entered on September 23, 2016.[3] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

[2]Petitioner's appointed counsel was unavailable to attend the dispositional hearing because he was hospitalized. However, appointed counsel arranged for substitute counsel to represent petitioner at the dispositional hearing and to request a continuance. Ultimately, the circuit court denied petitioner's motion for a continuance based in part on the fact that petitioner had stopped participating in services and that the dispositional hearing had previously been continued.

[3]The circuit court also terminated the parental rights of the children's mother. According to the guardian, as of the filing of her response brief, the permanency plan for the children is adoption by their paternal grandmother.

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner assigns error to the circuit court's failure to grant him post-termination visitation with his children. With respect to post-termination visitation, we previously have held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well[-]being and would be in the child's best interest.

Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). Under our holding in *Christina L.*, the decision to grant post-termination visitation is a discretionary one for the circuit court based on its consideration of the circumstances of the case before it.

Here, petitioner maintains that post-termination visitation was in the children's best interests because he shared a bond with them and continued visitation was not detrimental to their well-being. Following our review of the record on appeal, the parties' arguments, and pertinent legal authority, we find no abuse of discretion in the circuit court's decision to deny post-termination visitation based on the facts of this case. The record on appeal clearly shows that, while petitioner participated in supervised visitation with his children, the visitations became unhealthy for the children and that he failed to implement appropriate parenting techniques during visitation. Furthermore, petitioner admitted to smoking marijuana and tested positive eleven times for various drugs such as amphetamine, methamphetamine, codeine, and morphine.

Finally, petitioner argues that the circuit court erred in denying his motion for continuance of his dispositional hearing, because substitute counsel was ill-equipped to adequately represent petitioner's parental rights. This Court has held that "[c]hild abuse and

neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). We also bear in mind the following:

> The granting of a continuance is a matter within the sound discretion of the trial court, though subject to review, and the refusal thereof is not ground for reversal unless it is made to appear that the court abused its discretion, and that its refusal has worked injury and prejudice to the rights of the party in whose behalf the motion was made.

Syl. Pt. 1, *State v. Jones et al.*, 84 W.Va. 85, 99 S.E. 271 (1919). *See In Interest of Tiffany Marie S.*, 196 W.Va. 223, 235, 470 S.E.2d 177, 189 (1996) (establishing "four salient factors that appellate courts consider when reviewing denials of requests for a continuance.")

Here, the circuit court heard evidence that substitute counsel had approximately one week to prepare for the dispositional hearing. Further, at the time of the request for continuance, the parties were aware of the relevant issues because the dispositional hearing had already been continued on a prior occasion. As noted above, petitioner failed to participate in his post-adjudicatory improvement period, admitted to using marijuana, and tested positive for other illegal substances. For these reasons, we find no abuse of discretion.

For the foregoing reasons, we hereby affirm the circuit court's September 23, 2016, order.

Affirmed.

**ISSUED**: March 24, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker